IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN KADEEM KRUEL                                                      PLAINTIFF

Civil No. 5:24-cv-05016-TLB-CDC

v.

DETECTIVE JOSHUA SMITH, Rogers
Police Department; NATHAN SMITH,
Prosecuting Attorney, Benton County,
Arkansas; BENTON COUNTY SHERIFF'S
DEPARTMENT; ASHLEY HALSEY;
JUDGE ROBIN GREENE; JOHN DOE
CORRECTIONS OFFICERS, Benton County
Detention Center; and JOHN DOE
DEPUTIES, Benton County Sheriff's
Department                                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff, Justin Kadeem Kruel ("Kruel") under 42

U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy

L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.   The case is currently before the undersigned for

preservice screening pursuant to 28 U.S.C. § 1915A.[1]   Under § 1915A, the Court is required to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).

---

[1] Enacted as part of the Prison Litigation Reform Act.

## I.  BACKGROUND

According to the allegations of the Complaint, on February 10, 2023, at 0710 hours the police department received a call about a possible shooting.  (ECF No. 1 at 4).  The Rogers Police Department, presumably, Defendant Joshua Smith,[2] responded to 1007 W. Lilac Street, Rogers, Arkansas.  *Id.*  Kruel indicates this is Defendant Halsey's address.  *Id.* at 3.  Kruel says he was profiled as the "alleged Black male standing behind a silver car firing shots at the address in question."  *Id.* at 4.  Kruel further alleges that around 12 pm of the "same day of XYZ" he was arrested at a friend's house located at 1500 Joye Street, Springdale, Arkansas, by the "Springdale S.W.A.T. and Rogers P.D."  (ECF No. 1 at 5).  Kruel maintains that at the time of the shooting he was asleep with Bridgett Sinks at the Springdale house.  *Id.*

In October of 2023, Kruel states he was brought to a bond hearing before Judge Greene.  (ECF No. 1 at 6).  He had no counsel to represent him.  *Id.*  With the urging Defendant Nathan Smith, Kruel says his bail was set at the excessive amount of 1 million dollars – cash only.  *Id.*

Kruel also asserts a claim against the John Doe Correction Officers and the John Doe Deputies concerning "excessive force of intimidations, and conditions of confinement" at the Benton County Detention Center.  (ECF No. 1 at 7).  Kruel indicates the food provided is not intended for human consumption; the supply of hygiene products is inadequate; the detention center is infested with bugs and insects; and the cleaning supplies are inadequate.  *Id.* at 8-9.  Kruel also says inmates are spoken to in a disrespectful manner and punished by the removal of their sheets, blankets, and mats, leaving them to lie on hard metal.  *Id.*

Kruel has stated claims against the Defendants in both their individual and official capacities.  (ECF No. 1 at 5,7 & 9).  As relief, Kruel seeks compensatory damages in the amount

---

[2] Two Defendants have the last name Smith.  For this reason, the Court will refer to both Joshua Smith and Nathan Smith by their full names.

of 30 million dollars for physical, mental, and emotional pain, lost wages, loss of personal property and residence, and defamation of character. *Id.* at 9.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

For the reasons discussed below, the Court concludes that several of Kruel's § 1983 claims are subject to dismissal.

#### A.  Prosecutorial Immunity

Immunity is a defense to an individual capacity claim.  *Roach v. Stouffer,* 560 F.3d 860, 870 (8th Cir. 2009) ("immunity, either absolute or qualified, is a *personal* defense that is available only when officials are sued in their individual capacities") (internal quotation marks and citation omitted).  The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id*. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Kruel has failed to allege Defendant Nathan Smith engaged in any conduct other than prosecutorial functions.  "Whatever [Defendant Nathan's Smith's] motives may have been . . . [his] conduct in filing [and pursuing] the charges is protected by absolute immunity."  *Sample v. City of Woodbury,* 836 F.3d 913, 916 (8th Cir. 2016).  Accordingly, Defendant Nathan Smith is entitled to absolute immunity on the individual capacity claims against him.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

**B.  Judicial Immunity**

Judges are generally immune from individual capacity damages suits based on actions taken within their judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages").  Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Id*.  Moreover, "[a] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted).

The only allegations Kruel has made against Defendant Greene are related to the Benton County criminal proceedings and the amount of bond set in that case.  Kruel has made no allegations that Defendant Greene took any actions that were non-judicial or taken without jurisdiction.  Kruel's individual capacity claims against Defendant Greene fail as she is immune from suit.

**C.  Sovereign Immunity**

The Court turns to consideration of the official capacity claims against Defendants Nathan Smith and Greene.  In Arkansas, prosecuting attorneys are officers of the state.  Ark. Const. amend. 80, §20.  Judges are also state officials.  Ark. Const. amend. 80, § 17.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself."  *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989) (citation omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Defendants Nathan Smith and Greene are barred by the Eleventh Amendment.

### D.  Claims against Defendant Halsey

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the

constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Kruel identifies Defendant Halsey as the individual residing at 1007 W. Lilac Street – the residence where the shots were fired.  He makes no further allegations regarding Defendant Halsey.  A private individual may be held liable under § 1983 only if she is a "willful participant in joint activity with the State or its agents."  *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 941 (1982).  Private individuals reporting crimes do not act under color of law.  *See e.g., Gibson v. Regions Fin. Corp.,* 557 F.3d 842, 846 (8th Cir. 2009).  "[T]he mere furnishing of information to a law enforcement officer, even if the information is false, does not constitute joint activity with state officials."  *Id.*; *see also Wickersham v. City of Columbia,* 481 F.3d 591, 598 (8th Cir. 2007) ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor").  Kruel's claims against Defendant Halsey are subject to dismissal.

### E.  Claims against Defendant Joshua Smith

Liberally reading the allegations of the Complaint, Kruel at most asserts that Defendant Joshua Smith responded to scene of an alleged crime and later participated in his arrest.  Kruel maintains the allegation that he was the shooter is false because at the time he was in a location in another town.  The Court construes the allegations to be a claim that Kruel's arrest was not based on probable cause.

Review of Arkansas Court records indicates there are currently two open criminal cases against Kruel.[3]  *State v. Kruel,* 72CR-19-1153, was reopened on February 16, 2023, when a

---

[3] Arkansas Courts Case Information is a public database of official court records.  A search for Kruel's records showed the two open cases mentioned above.
https://caseinfo.arcourts.gov/opad/search?context=participants&firstName=Justin&lastName=Kruel (last accessed February 21, 2024).

petition for revocation of a probated sentence was filed.  The docket indicates a trial date of February 27, 2024.  In *State v. Kruel,* 72CR-23-2201, Kruel is charged with possession of firearms by certain persons, terroristic threatening in the first degree, and battery in the third degree.   A warrant for Kruel's arrest was issued on October 24, 2023.

A claim that no probable cause existed for his arrest would be barred by the abstention doctrine of *Younger v. Harris,* 401 U.S. 37 (1971).  Under *Younger,* federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented."  *Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir. 2005) (cleaned up).  "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would made abstention inappropriate.'"  *Night Clubs, Inc. v. City of Ft. Smith, Ark.,* 163 F.3d 475 (8th Cir. 1998) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982)).

Here, the criminal case against Kruel is ongoing.  There are important state law interests in enforcing the state's criminal laws and in allowing state courts to administer their own cases.  Abstention honors a state's interest in carrying out the task of enforcing its criminal laws.  *Hicks v. Miranda,* 422 U.S. 332, 349-51 (1975).  Kruel will have to raise his constitutional challenge to the existence of probable cause for his arrest in state court.  Kruel's claims against Defendant Joshua Smith are subject to dismissal.

### F.  Claims Against the Benton County Sheriff's Department

The sheriff's department is not considered to be a person or legal entity subject to suit.  *See e.g., Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992) (police department not a

8

juridical entity suable as such); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).   Kruel's claims against the Benton County Sheriff's Department are subject to dismissal.

## IV.  CONCLUSION

Accordingly, it is recommended that:

- All claims against Defendant Nathan Smith be dismissed;

- All claims against Defendant Greene be dismissed;

- All claims against Defendant Halsey be dismissed;

- The claim against Defendant Joshua Smith be **stayed and administratively terminated** during the pendency of Kruel's state court criminal case; and

- All claims against Defendant Benton County Sheriff's Department be dismissed.

This recommendation leaves for later resolution Kruel's claims against the John Doe Officers and Deputies of the Benton County Detention Center based on the conditions under which Kruel was confined.   By separate order, Kruel will be directed to file an Amended Complaint regarding these claims.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:   This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.**

**RECOMMENDED** this **22nd day of February 2024**.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE