IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN KADEEM KRUEL                                                                                       PLAINTIFF

v.                                    Civil No. 5:24-cv-05016-TLB-CDC

JOHN DOE CORRECTIONS OFFICERS,
Benton County Detention Center; JOHN DOE
DEPUTIES, Benton County Sheriff's
Department; and BENTON COUNTY                                                                    DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Justin Kadeem Kruel ("Kruel"), under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

According to the allegations of the Amended Complaint, Kruel is a pretrial detainee incarcerated in the Benton County Detention Center ("BCDC"). (ECF No. 12 at 1-2). In October of 2023, Kruel states he was brought to a bond hearing. (ECF No. 12 at 4). He had no counsel to represent him. *Id.* Kruel says his bail was set at the excessive amount of 1 million dollars—cash only. *Id.* Kruel believes his bond was "not based on charges but based on profiling." *Id.* at 5.

---

[1] Enacted as part of the Prison Litigation Reform Act.

Kruel further alleges that he has an "ongoing case that past the 9 month speedy trial rule." (ECF No. 12 at 4). Because of this, Kruel maintains his detainment is unlawful. *Id.*

Kruel also asserts a claim against the John Doe Correction Officers and the John Doe Deputies concerning "excessive force of intimidations and horrible conditions of confinement" at the BCDC. (ECF No. 12 at 5). Kruel indicates the food provided is not intended for human consumption; the supply of hygiene products is inadequate; the detention center is infested with bugs and insects; and the cleaning supplies are inadequate. *Id.* Kruel states deputies have threatened him and punished him by the removing his "sheets, meds, and blankets." *Id.* Finally, Kruel indicates he is locked down during business hours. *Id.*

Kruel has sued the Defendants in both their individual and official capacities. (ECF No. 12 at 5). As relief, Kruel seeks compensatory damages in the amount of 30 million dollars for physical, mental, and emotional pain, lost wages, loss of personal property and residence, and defamation of character. *Id.* at 9.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

No plausible claim is stated against the Defendants based on the alleged failure to appoint Kruel counsel for his bond hearing, the amount the bond was set at, or any violations of the speedy trial act.² As Rule 8.2 of the Arkansas Rules of Criminal Procedure makes clear, appointment of counsel is a judicial function. Ark. R. Crim. P. 8.2. Similarly, the amount and type of bail bond set is a judicial function. Ark. R. Crim. P. 8.5 & 9.2; *Walden v. Carmack,* 156 F.3d 861, 874 (8th

---

² When the Court screened the original Complaint (ECF No. 1) in this case, similar claims asserted against Judge Robin Green and Prosecuting Attorney Nathan Smith were dismissed on immunity grounds.  (ECF No. 6) (Report and Recommendation) & (ECF No. 8) (Order adopting the Report and Recommendation).

3

Cir. 1998) (setting of bail bond is a function of the judicial officer). Kruel's claims regarding the alleged violation of the speedy trial act should be addressed in his state court criminal case and not federal court. *Younger v. Harris,* 401 U.S. 37 (1971) (federal courts must abstain when there is an ongoing state criminal case). Finally, Kruel contends his detention is unlawful because of the violation of the speedy trial act. He makes no claim that he is not being detained pursuant to lawful process. *Wallace v. Kato,* 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process*.") (Emphasis in original). These alleged violations all fall within the scope and authority of the state court criminal court and the presiding judge in that case. The named Defendants have no authority over any of these decisions.

## IV.  CONCLUSION

Accordingly, it is recommended that:

- All claims regarding Kruel not being furnished with counsel be dismissed;
- All claims against regarding the amount and type of bond be dismissed;
- All claims based on violations of the speedy trial act and Kruel's unlawful detention be dismissed.

This leaves for later resolution Kruel's claims against the John Doe Officers and Deputies of the Benton County Detention Center based on the conditions under which he was confined and the alleged use of force, threats, and intimidation by the John Doe Defendants. By separate order, Sheriff Shawn Holloway will be added as a Defendant and the Amended Complaint will be served on him.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

Status of Referral: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**RECOMMENDED** this 24th **day of June 2024**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE